UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BASIL MINOTT,

    Plaintiff,

v.

                                                            Case No.: 2:23-cv-20-JLB-NPM

CITY OF FORT MYERS,
KEVIN B. ANDERSON, individually
and in his official capacity as Mayor of
the City of Fort Myers, RANDALL P.
HENDERSON, individually
and in his official capacity as (Former)
Mayor of the City of Fort Myers, BRENT
BREWSTER, individually and in his
official capacity as Chief Building Official
for the City of Fort Myers, ROGER
DESJARLAIS, individually and as Lee
County Manager, LEE COUNTY
FLORIDA, SAEED KAZEMI,
individually and in his official capacity as
former Manager of the City of Fort Myers,
and MARTY K. LAWING, individually
and in his official capacity as the Manager
of the City of Fort Myers,

    Defendants.

## **ORDER**

        This cause comes before the Court upon Defendants the City of Fort Myers ("the City"), Kevin B. Anderson, Brent Brewster, and Marty Lawing's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 19) and Defendants Randall P. Henderson and Saeed Kazemi's Motion to Dismiss the Amended Complaint (Doc. 45). Plaintiff Basil Minott ("Plaintiff") responded to both motions. (Docs. 39, 53).

For the reasons set forth below, Defendants' Motions to Dismiss are **GRANTED**. Although the Court will provide Plaintiff a final opportunity to correct the pleading deficiencies set forth in this Order, the Court advises Plaintiff that he is not required to file another amended complaint. However, if Plaintiff does not file an amended complaint on or before April 15, 2024, this matter may be dismissed with prejudice without further notice.

## PROCEDURAL HISTORY

Plaintiff filed the original Complaint in this matter on January 11, 2023. (Doc. 1). Plaintiff neither served the Complaint on Defendants, nor was a waiver of service executed. Thereafter, on March 29, 2023, Plaintiff filed a First Amended Complaint (the "FAC") (Doc. 5), which is the operative complaint here. Plaintiff requested that the City, Mr. Anderson, Mr. Brewster, and Mr. Lawing waive service of the FAC, which they did on April 26, 2023. (Doc. 19 at 2; Docs. 11–14). The City, Mr. Anderson, Mr. Brewster, and Mr. Lawing then filed a Motion to Dismiss the FAC on June 2, 2023. (Doc. 19). Plaintiff responded to the motion. (Doc. 39).

At that point, Plaintiff had not provided the Court with any proof of service on Mr. Henderson or Mr. Kazemi. Therefore, on July 25, 2023, the Court ordered Plaintiff to show cause as to why he failed to file a return of service as to Mr. Henderson or Mr. Kazemi within the time allotted under Fed. R. Civ. P. 4(m) and why his claim with respect to those two Defendants should not be dismissed. (Doc. 35). Plaintiff responded to the show cause order (Doc. 36) and the Court allowed Plaintiff until September 11, 2023, to file the returns of service as to Mr. Henderson

and Mr. Kazemi. (Docs. 37, 41). Plaintiff timely filed the returns of service, which purport to have served Mr. Henderson and Mr. Kazemi with the FAC. (Docs. 43, 44). Mr. Henderson and Mr. Kazemi then filed a Motion to Dismiss the FAC on September 20, 2023. (Doc. 45). Plaintiff responded to that motion on December 27, 2023. (Doc. 53).[1]

## BACKGROUND

The FAC alleges that Plaintiff purchased property located at 219 Maria Street, Fort Myers, Florida (the "Property") on July 10, 2018, through the "Lee County / RealAuction.com Online Tax Deed action sale." (Doc. 5 at ¶¶ 15, 20). However, Plaintiff claims that he was misled as to the Property's condition because "Defendants deceptively posted a wide angled picture containing" images of two different lots. (*Id.* at ¶ 35). After purchasing the Property, Plaintiff discovered that "the actual house that he had bought [had] tree[s] on top of its roof, [and was] boarded up . . . with no trespassing signs." (*Id.* at ¶ 37). Plaintiff claims that by failing to post "current and accurate pictures" of the Property, "[D]efendants collectively breached their basic fiduciary duty [to] the Plaintiff." (*Id.* at ¶ 74).

Plaintiff claims that he intended to repair the dilapidated Property, but that on January 10, 2020, "Defendants razed Plaintiff's building." (*Id.* at ¶¶ 85–87, 156).

---

[1] Plaintiff has also named Roger Desjarlais and Lee County as Defendants in the FAC. (Doc. 5 at 1). Plaintiff has not, however, served Mr. Desjarlais or Lee County with the FAC. (Doc. 16 at 2 n.3). As a result, Desjarlais and Lee County have not filed a responsive pleading to the FAC. Desjarlais and Lee County have filed a Motion to Dismiss Plaintiff's original Complaint (Doc. 16), but the Court will not address that motion because it is moot in light of Plaintiff's FAC.

Plaintiff alleges that he never received a "proper condemnation and demolition notice" or a notice of hearing regarding the Property's demolition. (*Id.* at ¶¶ 151–52; 181). While Plaintiff seems to concede that Defendants did, in fact, mail notices and actually held a hearing, Plaintiff alleges that the notices were sent to an incorrect address and that "someone in one of Defendant's offices mysteriously, with a clearly evil and malicious intent, changed Plaintiff's address to a false and fictitious non-existent address in Ottawa Ontario Canada." (Doc. 5 at ¶ 167).

The FAC contains the following counts: 1) a procedural due process violation based on the United States Constitution and the Constitution of the State of Florida; 2) a violation of Plaintiff's equal protection rights based on the United States Constitution and the Constitution of the State of Florida; and 3) a substantive due process violation based on the United States Constitution and the Constitution of the State of Florida.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard of plausibility is met when a plaintiff pleads enough factual content "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "Threadbare recitals of the elements of

a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

When reviewing a motion to dismiss, courts must accept all factual allegations contained in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citations omitted). Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft*, 556 U.S. at 679. In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## **DISCUSSION**

Defendants' Motions to Dismiss challenge the FAC on two separate bases. First, Defendants argue that the FAC should be dismissed because it is a shotgun pleading. (Doc. 19 at 4–6; Doc. 45 at 4–5). Second, Defendants argue that the FAC should be dismissed because it fails to state a claim upon which relief can be granted. (Doc. 19 at 6–12; Doc. 45 at 6–10). The Court will address each argument in turn.

### I.   Whether the FAC is a shotgun pleading.

Shotgun pleadings violate Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief" by "fail[ing] to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim

rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320–23 (11th Cir. 2015).

Shotgun pleadings are disfavored because, among other reasons, they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (internal quotation marks and citations omitted). The Eleventh Circuit has recognized four types of shotgun pleadings. *Weiland*, 792 F.3d at 1321–23. The first type of shotgun pleading "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. The second is a pleading "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third fails to "separate[e] into a different count each cause of action or claim for relief." *Id.* at 1322–23. And the fourth type asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

Defendants contend that the FAC violates categories two and four. (Doc. 19 at 5; Doc. 45 at 4). Plaintiff does not directly address Defendants' argument in his responses.[2]

Even giving this *pro se* Plaintiff's FAC the liberal reading that the Court must (*see Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998)), the Court agrees that many of the FAC's factual allegations are vague and that the FAC does not adequately specify which Defendants are responsible for which actions.[3] Throughout the FAC, Plaintiff repeatedly fails to differentiate between the Defendants that he has named. (*See e.g.* Doc. 5 at ¶ 48 ("Plaintiff contends that when ownership of the property at 219 Maria Street fell into the hands of Defendants . . ."); *Id.* at ¶ 98 ("And even though Defendants claimed that Plaintiff's building was a 'Danger to the Public,' it took Defendants almost one year . . ."); *Id.* at ¶ 105 ("Defendant deemed Plaintiff's newly acquired building a danger. . ."); *Id.* at ¶ 151 ("The Plaintiff was never informed or given constitutionally adequate

---

[2] Instead, Plaintiff claims that he "moved to conform to the rules by properly filing a First Amended Complaint on May 9[,] 2023," which "has been amended to include and or to name individual Defendants as the perpetrator of the acts or omissions which caused Plaintiff's loss." (Doc. 39 at 1–2; Doc. 53 at 1–2). But the Court's docket does not reflect that Plaintiff filed a further amended complaint with the Court on or about May 9, 2023. The Court therefore must analyze Defendants' Motions to Dismiss as they relate to the operative complaint, which is the FAC.

[3] The Court reminds Plaintiff that labeling Defendants' actions as "sinister," or the like, may be considered conclusory or immaterial. (Doc. 5 at ¶ 174). *See Bright v. City of Tampa*, No. 8:20-CV-1131-CEH-JSS, 2022 WL 1210870, at *10 (M.D. Fla. Apr. 25, 2022) (holding that a pro-se plaintiff's description of the defendants' actions as "deplorable," "evil," and "delusional" constituted shotgun pleading). Plaintiff is directed to refrain from including such conclusory allegations in any future pleadings.

7

notice by The Defendant of Defendants' planned hearing to secure permission from itself to condemn and demolish Plaintiff's building.")). By failing to define the term "Defendant" or "Defendants," the FAC does not fairly put each Defendant on notice of who allegedly did what. Further, the FAC does not specify which causes of action are directed towards which Defendants. (*Id.* at 37, 40, 41).

Accordingly, the Court finds that the FAC is due to be dismissed without prejudice. The Court will allow Plaintiff a final opportunity to amend his complaint. But if Plaintiff's second amended complaint does not substantially cure the deficiencies described above, then dismissal with prejudice may be warranted. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358–59 (11th Cir. 2018) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001) (noting that when a party fails to comply with a court's order by filing a repleader with the same deficiency, the court should strike the pleading, or may, depending on the circumstances, dismiss the case).

## II. Whether the FAC fails to state a claim under section 1983.

Because the Court has already decided to dismiss the FAC without prejudice, it will not decide whether the FAC has sufficiently pleaded a claim under section 1983.

But the Court has substantial doubts as to whether a survivable section 1983 claim can be pleaded, and Plaintiff's *pro se* status will not excuse any future failure to comply with basic pleading requirements. *See Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) ("[A] pro se pleading is held to a less stringent standard

8

than a pleading drafted by an attorney and is liberally construed. However, a pro se pleading must still suggest that there is at least some factual support for a claim.").

That means, for example, in order to plead an equal protection claim, Plaintiff would have to allege that he was treated differently than "other similarly situated individuals." *Dibbs v. Hillsborough Cnty., Fla.*, 625 F. App'x 515, 518 (11th Cir. 2015). The Court is concerned that even if the shotgun pleading nature of the complaint is addressed, the facts that have been set forth in the FAC will not lead to an adequately pleaded section 1983 equal protection claim.

Likewise, with respect to Plaintiff's substantive due process claim, a viable claim would involve a violation of Plaintiff's "fundamental" rights. *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir.1994). Because property interests are generally "created and defined by state law rather than the Constitution . . . [t]hey are not fundamental rights, and thus they are not entitled to substantive due process protection." *Bailey v. City of Pinellas Park*, 147 F. App'x 932, 935 (11th Cir. 2005) (citing *Greenbriar Village, L.L.C. v. Mountain Brook City*, 345 F.3d 1258, 1262–63 (11th Cir. 2003)). Therefore, the Court also has doubts, based on the allegations contained in the FAC, that a survivable section 1983 substantive due process claim can be pleaded.

## **CONCLUSION**

Defendants' Motions to Dismiss (Docs. 19, 45) are **GRANTED.** The FAC is **DISMISSED without prejudice**. Should Plaintiff choose to file a second amended complaint, it must be filed no later than April 15, 2024. Otherwise, this matter may be dismissed with prejudice without further notice.

**ORDERED** in Fort Myers, Florida on March 15, 2024.

*[signature]*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE