UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BASIL MINOTT,

    Plaintiff,

  v.

Case No. 2:23-CV-20-JLB-KCD

CITY OF FORT MYERS, ROGER DESJARLAIS, INDIVIDUALLY AND IN HIS CAPACITY AS LEE COUNTY MANAGER; KEVIN B. ANDERSON, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS MAYOR OF THE CITY OF FORT MYERS;  LEE COUNTY FLORIDA, BRENT BREWSTER, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF BUILDING OFFICIAL FOR THE CITY OF FORT MYERS; SAEED KAZEMI, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS FORMER MANAGER OF THE CITY OF FORT MYERS; MARTY K. LAWING, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS MANAGER OF THE CITY OF FORT MYERS; AND RANDALL P. HENDERSONJR., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS (FORMER) MAYOR OF THE CITY OF FORT MYERS;

    Defendants,

_____/

## ORDER

Plaintiff Basil Minott seeks to stay this case because of ongoing cancer treatments. (Doc. 78.) As explained in Plaintiff's motion, he "is now suffering from a series of issues including weakness, fatigue, vision problems, nausea, unsteadiness and memory issues" that makes prosecuting his claims untenable. (*Id.* ¶ 5.)

Defendants oppose the request. (Doc. 80, Doc. 81.) They note that Plaintiff has already missed several deadlines and received continuances each time. (*Id.* at 3.) Staying the case will also only delay the inevitable because the complaint is frivolous. (*Id.* at 5.) Thus, the case should proceed and the pending dispositive motions be decided.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A decision to stay is left to the discretion of the district court. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997).

After considering the arguments offered, the Court will stay the case. According to Plaintiff's proffer (which stands unrebutted), he is hospitalized and will continue cancer treatments for several months. While the Court is not unsympathetic to Defendants' concerns, there is a "strong preference" for resolving this case on the merits as opposed to Plaintiff's default because of

his illness. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1342 (11th Cir. 2014). And to the extent Defendants believe that Plaintiff's claims are baseless, such contentions are best resolved after he has responded to the pending motions.

Accordingly, it is now **ORDERED**:[1]

1. Plaintiff's request to stay the case (Doc. 78) is **GRANTED** and the case will remain stayed until April 1, 2025;

2. The Clerk is directed to add a stay flag and administratively close the case;

3. On April 1, 2025, the stay will be lifted and Plaintiff must respond to the pending motions. No further extensions will be granted absent a showing of extraordinary circumstances, and should Plaintiff not file a response to the pending motions, the Court will consider them unopposed.

**ENTERED** in Fort Myers, Florida on November 13, 2024.

Kyle C. Dudek
United States Magistrate Judge

---

[1] "A request for a stay of proceedings is a non-dispositive matter, subject to adjudication by a federal magistrate judge." *Delta Frangible Ammunition, LLC v. Sinterfire, Inc.*, No. CIV.A. 06-1477, 2008 WL 4540394, at *1 n.1 (W.D. Pa. Oct. 7, 2008); *see also Bufkin v. Scottrade, Inc.*, No. 2:17-CV-281-FTM-29CM, 2017 WL 7360419, at *1 (M.D. Fla. Dec. 18, 2017) ("The Court finds that the magistrate judge had the authority to issue the Order to stay discovery[.]").